# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 23, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MARIAN J. ZIELINSKI *and* MATHEW E. | \* | Unpublished |
| ZIELINSKI, *legal representatives and parents* | \* | |
| *Of a minor child, E.E.Z.* | \* | |
| | \* | 18-1075V |
| Petitioner, | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Interim Award. |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Richard H. Moeller,* Moore, Heffernan, et al., Sioux City, IA, for petitioner.
*Emilie Williams,* U.S. Department of Justice, Washington, D.C., for respondent.

**DECISION ON INTERIM ATTORNEYS' FEES AND COSTS**[1]

On November 25, 2020, Marian J. Zielinski and Mathew E. Zielinski, legal representatives and parents of minor, E.E.Z. ("petitioners") filed a motion for interim attorneys' fees and costs. **I hereby GRANT the motion and award $37,668.20 in interim attorneys' fees and $16,425.69 in costs.**

### I.  Procedural History

On July 24, 2018, petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioners allege that as a result of E.E.Z. receiving the measles-mumps-rubella (MMR) vaccine and the varicella vaccine on August 29, 2017, he developed juvenile dermatomyositis. *Id.* at Preamble. The petition was accompanied by medical

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

records.  Petitioner's Exhibits ("Pet. Exs.") 2-7.  Petitioners also filed an expert report by Dr. Eric Gershwin on August 13, 2018.  Pet. Ex. 9 (ECF No. 8).

On March 5, 2019, respondent filed a Rule 4(c) report recommending against compensation.  Respondent's ("Resp.") Report (ECF No. 13).  Respondent stated that Dr. Gershwin's opinion was speculative and unsupported.  *Id.* at 5.  Respondent filed expert reports from Dr. Carlos D. Rose and Dr. James Moy and supporting medical literature on May 6, 2019.  Resp. Exs. A-C (ECF Nos. 17-18).

A Rule 5 status conference was held on June 26, 2019.  During the status conference, I directed the parties to submit additional reports from the experts and requested that petitioner's expert address specific questions regarding vaccine causation.  Rule 5 Order (ECF No. 39).

Petitioner filed a supplemental expert report from Dr. Gershwin on September 9, 2019.  Pet. Ex. 12 (ECF No. 41).  Respondent filed supplemental expert reports and supporting medical literature on December 20, 2019.  Resp. Exs. E-G (ECF Nos. 44-45).

After these filings, I held a second Rule 5 status conference on March 31, 2020.  Scheduling Order (ECF No. 48).  During this status conference, I gave my preliminary views of the case, explaining that there is significant litigative risk for both parties and encouraged them to engage in litigative risk settlement negotiations.  *Id.* at 3.  In compliance with the scheduling order, petitioner transmitted a demand to respondent.  Pet. Status Report (ECF No. 51).

On September 28, 2020, the parties filed a joint status report which stated, "respondent informed petitioner on September 16, 2020, that he remains committed to litigating E.E.Z.'s claim."  Joint Status Report (ECF No. 52).  A third status conference was held on November 12, 2020.  Status Conference Order (ECF No. 53).  I requested the parties to file a joint status report proposing dates for an entitlement hearing for February 2022.  Scheduling Order (ECF No. 54).

On November 25, 2020, petitioners filed this motion for interim attorneys' fees and costs, requesting $37,668.20 in attorneys' fees and $16,425.69 in attorneys' costs.  Pet. Interim Fees Motion ("Pet. Int. App.").  On December 22, 2020, respondent filed a response to petitioner's motion stating, "…respondent defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. Sec'y of Health & Human Servs.,* F.3d 1342 (Fed. Cir. 2008)."  Resp. Response at 2.  Respondent, "therefore respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs, if any at this time."  *Id.* at 3.  Petitioners filed a reply on January 6, 2021, reiterating their request for an award of interim fees.  Pet. Reply (ECF No. 58).

This matter is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### A. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

The Vaccine Act permits interim attorneys' fees and costs. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

This matter has been pending for over two years. Since the petition was filed, petitioner has filed two expert reports from Dr. Eric Gershwin with supportive medical literature. Additionally, petitioner is requesting fees and costs in excess of the amounts discussed above and the case is set for an entitlement hearing for February 2022, which may necessitate additional proceedings. Therefore, an award of interim fees and costs is appropriate.

### III.    Reasonable Attorneys' Fees and Costs

#### A. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that

3

only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### B. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2021 can be accessed online.

In this case, petitioners request that their attorneys, Mr. Richard Moeller and Ms. Nikki K. Nobbe be reimbursed for their work performed on this matter between 2018 and 2020. Specifically, petitioner requests and Mr. Richard Moeller be reimbursed at $285.00 per hour for work performed in 2018; $300.00 per hour for work performed in 2019; and $341.00 per hour for work performed in 2020. Pet. Int. App. at 8. Petitioners request that Ms. Nikki Nobbe be reimbursed at $190.00 per hour for work performed in 2018; $200.00 per hour for work performed in 2019; and $242.00 per hour work for performed in 2020. *Id.* Additionally, petitioners request that three legal assistants be reimbursed at a rate of $75.00 per hour for work performed in 2018; $85.00 per hour for work performed in 2019; and $95.00 for work performed in 2020. *Id.*

These rates are generally reasonable and consistent with what Mr. Richard Moeller and Ms. Nikki Nobbe have been awarded by myself and other special masters. Therefore, no reduction to the hourly rate is necessary.

### C. Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their

prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

Upon review of the invoice submitted with the petitioners' interim fee application, and my knowledge of the proceedings in the case to date, the number of hours expended appear to be reasonable and adequately documented. *See* Pet. Ex. 15. **Accordingly, petitioners are awarded $37,668.20 in attorneys' fees.**

### D. Costs

Like attorneys' fees, costs incurred-by counsel or petitioners themselves-must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. Ct. 29, 34. Petitioners' attorneys' costs include postage, obtaining medical records, copies and retention of an expert Dr. Eric Gershwin. Pet. Ex. 16. Petitioner requests reimbursement of the $15,125.00 ($500.00 per hour for 30.25 hours of work) for work performed by Dr. Eric Gershwin. Pet. Ex. 16. It was reasonable for petitioner to retain Dr. Eric Gershwin as an expert in this case and he has received the requested rate in the past. Therefore, I do not find cause to adjust his rate in this case. **Accordingly, petitioners are awarded $16,425.69 in attorneys' costs.**

## IV. Conclusion

In accordance with the above, petitioner's motion for interim attorneys' fees and costs is **GRANTED.** Accordingly, I award the following:

1) **A lump sum in the amount of $54,093.89, representing reimbursement for** *interim* **attorneys' fees and costs, in the form of a check payable jointly to petitioners and Mr. Richard Moeller of Moore, Corbett, Heffernan, Moeller & Meis, L.L.P.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).