# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 10, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | |
| MARIAN J. ZIELINSKI *and* | * | |
| MATHEW E. ZIELINSKI *legal* | * | |
| *representatives and parents of a* | * | |
| *minor child, E.E.Z.,* | * | UNPUBLISHED |
| | * | |
| Petitioners, | * | No. 18-1075V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Richard H. Moeller*, Moore, Heffernan, et al., Sioux City, IA, for Petitioners.
*Emilie Williams*, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On November 15, 2022, Marian and Mathew Zielinski ("Petitioners") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 76). For the reasons discussed below, I **GRANT** Petitioners' motion for attorneys' fees and costs and award a total of **$29,127.76.**

I.   **Procedural History**

On July 24, 2018, Petitioners filed a petition in the National Vaccine Injury Compensation

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

Program on behalf of their minor child, E.E.Z.[2] Petitioners alleged that E.E.Z. suffered from juvenile dermatomyositis as a result of measles, mumps, and rubella and varicella vaccinations administered on August 29, 2017. *See* Petition (ECF No. 1). On April 26, 2022, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 71).

On November 15, 2022, Petitioners filed a motion for final attorneys' fees. Petitioners request compensation in the total amount of $29,127.76, representing $17,903.00 in attorneys' fees and $11,224.76 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioners warrant they have not personally incurred any costs in pursuit of this claim. Respondent reacted to the fees motion on March 6, 2023, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 78). Petitioners did not file a reply thereafter.

The matter is now ripe for adjudication.

II. **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because petitioners were awarded compensation pursuant to a proffer, they are entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

Petitioners requests the following hourly rates for the work of their counsel: for Mr. Richard Moeller, $341.00 per hour for work performed in 2020, $363.00 per hour for work performed in 2021, and $379.00 per hour for work performed in 2022; for Ms. Coyreen Weidner, $220.00 per hour for work performed in 2021; and for Mr. Brett Marek, $150.00 per hour for work performed in 2021. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work and I find them to be reasonable herein for work performed in the instant case. In the case of Mr. Marek, this is the first time a special master has considered the

---

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

reasonableness of his proposed hourly rate for 2021, and on review, I also find it to be reasonable and shall award it herein.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioners are entitled to final attorneys' fees of $17,903.00.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioners request total attorneys' costs in the amount of $11,224.76 for acquisition of medical records and work performed by a guardianship attorney to establish a guardianship for Petitioners' minor child and maintain that guardianship until she reaches the age of majority. Petitioners have provided adequate documentation supporting all of the requested costs, and all appear reasonable in my experience. Petitioners are therefore entitled to the full amount of costs sought.

### III. Conclusion

In accordance with the foregoing, Petitioners' motion for attorneys' fees and costs is **GRANTED**. I find that Petitioners are entitled to a reimbursement of attorneys' fees and costs as follows:

| Attorneys' Fees Requested | $17,903.00 |
|---|---|
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$17,903.00** |
| | |
| Attorneys' Costs Requested | $11,224.76 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$11,224.76** |
| | |
| **Total Attorneys' Fees and Costs** | **$29,127.76** |

**Accordingly, I award a lump sum in the amount of $29,127.76, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioners and their attorney, Mr. Richard Moeller.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

         **/s/Thomas L. Gowen**
         Thomas L. Gowen
         Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).